HELEN RESNICK, PLAINTIFF-RESPONDENT, v. CALE-DONIA BUILDING AND LOAN ASSOCIATION, A BODY CORPORATE, DEFENDANT-APPELLANT.

Submitted October 30, 1936—Decided May 28, 1937.

Before Justices TRENCHARD, BODINE and HEHER.

For the appellant, *Herman B. Licks* (*Donald Lewis*, of counsel).

For the respondent, *Laurence Semel* (*Meyer M. Semel*, of counsel).

The opinion of the court was delivered by

HEHER, J. Plaintiff, a shareholder of the defendant building and loan association, elected to withdraw therefrom before the maturity of her shares; and the controversy concerns the withdrawal value of the shares.

The defendant association, after having advised plaintiff that the profits credited to her shareholdings were $1,891.84, deducted therefrom, in the ascertainment of the ultimate withdrawal value, twenty per cent. thereof, amounting to $378.36, and "a charge of $210 [three months' interest] on account of the cancellation of the mortgage." There were

arrearages of dues and interest; and plaintiff, evidently fearing foreclosure, borrowed elsewhere the moneys necessary to satisfy the mortgage. At the insistence of defendant, she paid the disputed items under protest, and then brought the instant action to recover the moneys so claimed to have been illegally exacted, waiving the excess above the jurisdictional amount. See *Miller* v. *Eisele,* 111 *N. J. L.* 268.

We find no basis in the proofs for the conclusion that the deduction of twenty per cent. of the profits, in the fixation of the withdrawal value of the shares, was arbitrary.

On April 15th, 1932, the board of directors of the defendant association adopted a resolution providing that, "on withdrawals, profits are to be paid at the rate of ten per cent. on the amount of profits credited for each fiscal year that the shares have run." The District Court judge ruled, and plaintiff now urges, that the deduction thus made was not in compliance with this resolution, in that "no evidence was introduced by defendant to show what the amount of profits computed in accordance with its resolution would be."

But this is an evident misapprehension. There was evidence tending to show the amount of the profits apportioned to the shares in question. As stated, plaintiff was advised that the sum so credited was $1,891.84. This was plainly the "book value" of the shares. There was no evidence to the contrary. The attorney who represented plaintiff in the transaction testified that the original statement furnished by the defendant association, at his request (and introduced in evidence by plaintiff), exhibited "a profit, according to the *book value,* of $1,891.84." The statement itself labeled this amount "Profit (book value)." There was an allowance of eighty per cent. of this amount in the determination of the "withdrawal value;" and "a further statement" submitted to plaintiff's attorney "preparatory to paying off" (also introduced in evidence by plaintiff), contained the twenty per cent. deduction from this item of profits in the calculation of the withdrawal value.

It is not contended that, by this deduction, plaintiff was deprived of a right conferred by the resolution adverted to;

nor is it maintained that the resolution, as thus interpreted and applied, does not meet the test of reasonableness laid down in the case of *Thirteenth Ward Building and Loan Association of Newark* v. *Weissberg,* 115 *N. J. Eq.* 487. The case of *Schechter* v. *Trojan Building and Loan Association,* 115 *N. J. L.* 268, is obviously not in point.

It is to be observed here that, under section 49 of the act relating to building and loan associations (*Pamph. L.* 1925, *pp.* 189, 211), as amended by chapter 92 of the laws of 1932 (*Pamph. L., p.* 161), plaintiff was entitled merely to "a reasonable share of the profits;" and the burden was on her to establish by competent evidence the pleaded cause of action.

Thus the District Court judge fell into error which requires a reversal and a new trial.

In the circumstances, there is no occasion for determining the other questions raised and argued.

The judgment is accordingly reversed, and the cause remanded for further proceedings not inconsistent with this opinion; costs to abide the event.